# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABDUL BASED,

        Petitioner,

   v.

WILLIAM BARR, et al.,

        Respondents.

Case No. 2:19-cv-01666-GMN-DJA

**ORDER**

Petitioner, who is detained in Alabama, has filed an application to proceed in forma pauperis (ECF No. 1), a petition for a writ of habeas corpus, a motion for emergency temporary restraining order, and a motion regarding jurisdiction.

Petitioner has demonstrated that he is unable to pay the filing fee. The court grants the application to proceed in forma pauperis.

The court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, Based v. Barr, No. 18-73442. Petitioner was convicted in state court of one count of sexually motivated coercion and one count of battery with substantial bodily harm. Petitioner was placed in removal proceedings. The Board of Immigration Appeals ordered him removed from the United States. Petitioner did not petition for judicial review of that decision. Petitioner filed a motion to reopen the Board's decision. The Board denied the motion. Petitioner did file a petition for judicial review of that decision, and it currently is pending before the court of appeals.

The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Petitioner alleges that he is not challenging the duration of his confinement. ECF No. 1-1, at 1. Petitioner also alleges that he is not challenging the validity of the removal order. ECF No. 1-2, at 7. Petitioner argues that he was taken into custody improperly at or before the start of his removal proceedings. He asks the court in his emergency motion for a temporary restraining order to order him released. Regardless of what happened earlier, petitioner now appears to be in valid custody pursuant to that removal order. 8 U.S.C. § 1231(a). Petitioner thus has not demonstrated that he is likely to succeed on the merits, nor has he demonstrated a likelihood that he will suffer irreparable harm. The court denies the emergency motion.

Petitioner appears to have submitted the motion regarding jurisdiction in anticipation of a motion by respondents arguing that this court does not have jurisdiction. Respondents have not appeared, let alone argued that this court lacks jurisdiction. The motion is premature

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **GRANTED**.

IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus, the emergency motion for a temporary restraining order, and the motion regarding jurisdiction.

IT FURTHER IS ORDERED that the emergency motion for a temporary restraining order is **DENIED**.

IT FURTHER IS ORDERED that the motion regarding jurisdiction is **DENIED**.

IT IS FURTHER ORDERED that the clerk shall serve copies of the petition and this order upon respondent as follows:

1. By having the United States Marshal, on or before the close of business on the date that this order is entered, serve a copy of the petition and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure;

2. By sending a copy of the petition and this order by registered or certified mail to the Honorable William Barr, Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 2243 respondent shall file and serve an answer to the petition within twenty (20) days from the date that this order is entered, unless for good cause additional time is allowed.

DATED: September 25, 2019

_____
GLORIA M. NAVARRO
United States District Judge